IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JEFFREY W. TOUSSAINT,

      Plaintiff,

        v.                              CIVIL NO.  10-1288 (CVR)

DEPARTMENT OF VETERANS
AFFAIRS, et al.,

      Defendants.

## OPINION AND ORDER

### INTRODUCTION

Plaintiff Jeffrey W. Toussaint (hereafter "plaintiff Toussaint" or "Toussaint") seeks in his Amended Complaint judicial review of the final determination by the Merit Systems Protection Board (hereafter "MSPB") in a mixed appeal he filed for discrimination and adverse employment action.  Plaintiff  Toussaint also seeks judicial relief for alleged violations by defendant Erick Shinseki, as the Secretary of  the Department of Veterans' Affairs (hereafter "DVA"), under the Rehabilitation Act as to reasonable accommodation, hostile work environment and retaliation.  29 C.F.R. §1614.310; 5 U.S.C. §§7702-7703; 29 U.S.C. §791.[1]

Plaintiff Toussaint submits he was a former employee of the DVA, as Clinical Coordinator of the Home Oxygen Program, who was subject of work harassment, removal of clinical privileges without due process, and who was initially terminated from employment on the last day of his probationary period on February 2, 2007.  The Amended

---

[1]  The parties consented to jurisdiction by a Magistrate Judge for all further proceedings including the entry of judgment.  (Docket Nos. 49, 90 and 91).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 2

Complaint avers said initial employment termination was rescinded and plaintiff Toussaint was instructed to return to work on February 12, 2007.  Upon reporting back to work, plaintiff Toussaint contends the harassment continued for which he became depressed and anxious and could not return to work because of a medical condition. Plaintiff Toussaint filed a claim with the Office of Workmen's Compensation (hereafter "OWCP") that was affected by the employer's false information as to plaintiff's work related injury and as such denied. Plaintiff Toussaint further submits he was also denied reasonable accommodation, advanced of sick leave requests, was charged as absent without leave, and denied access to healthcare at defendant's facilities. On October 24, 2008, plaintiff Toussaint was terminated from employment.   Plaintiff Toussaint's Amended Complaint refers to causes of action for hostile work environment, denial of reasonable accommodation and retaliation under the Rehabilitation Act.  (Docket No. 40, ¶¶1, 10-11, 15-18; Causes of Action 2, 3 and 4).[2]

Defendant answered the Amended Complaint and thereafter filed a Motion for Summary Judgment, with the corresponding memorandum of law and relevant exhibits. (Docket No. 79, 82, 81).  A statement of uncontested facts was also filed shortly thereafter. (Docket No. 80).  Plaintiff Toussaint filed his Response in Opposition, with the opposing

---

[2]  Plaintiff Toussaint also avers he was not paid for previously approved overtime work; was charged with being absent from his job without leave, instead of considering his approved leave under the Family Medical Leave Act (hereafter "FMLA").  The Amended Complaint refers the MSPB's decision erred in determining termination from employment was not motivated by discrimination or in not considering defendant's refusal to deal with request from grievance under the AFGE Master Agreement.  (Docket No. 40, ¶23).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 3

and additional statements of material facts. (Docket No. 89). Defendant then filed a reply. (Docket No. 98).

As grounds for the summary judgment request, defendant, as Secretary of the DVA, argues the Court lacks subject matter jurisdiction as to plaintiff Toussaint's claims for compensation under the Federal Employee's Compensation Act (hereafter "FECA"), which provides solely for administrative remedies. Title 5, United States Code, Section 8116.

Defendant also argues plaintiff's filing of his claims before the MSPB precludes this Court from having jurisdiction. Plaintiff Toussaint submitted his claims before the MSPB, then appealed to the Court of Appeals for the Federal Circuit, and the employment termination claims were affirmed. Defendant argues an employee of a federal agency may submit claims before the MSPB or before the Equal Employment Opportunity Commission (hereafter "EEOC"), but not both. Having initially filed before the MSPB, plaintiff Toussaint was to include also his retaliation and disability discrimination claims. At the time plaintiff Toussaint filed before the EEOC in regards to his employment discrimination issues, he had already appealed the MSPB's decision, which had become final for jurisdictional purposes. Federal district courts lack jurisdiction as to the MSPB's or the Federal Circuit Court of Appeals' decisions. Additionally, plaintiff Toussaint's cause of action for employment termination in October 15, 2008 is time barred and is not amenable to equitable tolling for he had actual notice of the filing requirements and he chose the MSPB as his forum. (Docket No. 82, pp. 9-11).

As to any Title VII claim in the Amended Complaint, defendant submits same would be considered time barred or lacking exhaustion requirements for before an employee may sue in federal court, he must first exhaust administrative remedies. The timely filing of an administrative claim is a jurisdictional requirement for a federal court to have jurisdiction. A person deem aggrieved must file or contact the Equal Employment Office's (hereafter "EEO") counselor within forty five days from the alleged discrimination or the effective date of the discriminatory personnel action. A complainant needs to file a formal charge within fifteen days from receipt of Notice of Right to File Discrimination Complaint. Thus, defendant seeks dismissal of the Title VII claims for plaintiff's failure to exhaust administrative remedies. (*Id.*, p. 13).

As grounds for summary disposition of the disability discrimination claim, defendant avers plaintiff Toussaint cannot establish a *prima facie* case under the Rehabilitation Act as to the alleged disability nor as to the allegation that defendant failed to allow him reasonable accommodation. (*Id.*, pp. 15-16). As to disability, except for having a diagnosis of depression, defendant contests plaintiff Toussaint is not be able to establish being a qualified individual with a disability. As to reasonable accommodation, defendant submits plaintiff Toussaint was unable to come to work and did not provide the employer with an indication as to when he would be available since he was at the time even living outside of Puerto Rico. Plaintiff's petition for advanced sick leave, after having exhausted all regular and sick leave, and its denial, cannot establish a discriminatory reason. Besides plaintiff Toussaint's inability to sustain absences with medical documentation, the termination

cannot be considered as a pretext for discrimination because not only attendance is an essential function but also it is uncontested there was no proximate date of recovery provided to defendant.  (Docket No. 82, Memorandum, pp. 20-21).

## STANDARD SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law."  Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact."  Cortés-Irizarry v.  Corporación Insular, 111 F.3d 184, 187 (1st Cir.  1997).  A fact is deemed "material" if it potentially could affect the outcome of the suit.  *Id*.  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor."  *Id*.

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor."  Maldonado-Denis v.  Castillo-Rodríguez, 23

F.3d 576, 581 (1st Cir. 1994).  There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987).  In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

## FINDINGS OF FACT

In support of defendant's arguments as to plaintiff Toussaint's claims, the following summarized and relevant findings of fact are considered:

**A.     Plaintiff Touissant's Employment History with Defendant.**

1.  Plaintiff Toussaint received from the DVA an excepted service appointment as a Certified Respiratory Therapist subject to a one year initial probationary period.  During said probationary period, on grounds of incidents with patients, non-compliance with instructions, Toussaint's supervisor recommended plaintiff not to continue in his position. Plaintiff was advised of his termination by letter of January 31, 2007, effective February 2, 2007.  Plaintiff filed a grievance of said removal and the personnel decision as to his termination was rescinded.  Plaintiff Toussaint completed his probationary period on February 5, 2007. (Deft's Uncontested ¶¶ 1-4; Amended Complaint Docket No. 40, ¶¶ 5, 11-12; Exhibit 1, Notice Personnel Action; Exhibit 2, letter 1-29-2007; Exhibit 3, letter 1-31-2007; Exhibit 4, Notice of Personnel Action).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 7

---

Toussaint exhausted all his sick leave by March 2007 and any subsequent leave had to be charged to annual leave or leave without pay (hereafter "LWOP"). (Deft's Uncontested ¶¶6-7; Exhibit 5, Time and Attendance Report).

By memorandum dated May 16, 2007 as to grievance filed by Toussaint, Chief of Staff Dr. Sandra C. Gracia-López notified plaintiff he had failed to provide medical documentation to support his absences since early April 2007 and was expected to comply with minimal delay.  On May 17, 2007, Toussaint was requested to submit medical documentation to justify absences since March 12, 2007; he was informed he had been absent without proper documentation and he could be potentially charged as absent without leave.  Toussaint was instructed to report to duty prior to May 29, 2007.  (Deft's Uncontested ¶¶ 8-9; Exhibit 6, Memorandum re: Grievance; Exhibit 7, Request Return Duty, 5-17-2007, from Human Resources Manager Damaris Tosado-Quiñones).

On June 7, 2007, at Toussaint's request, Human Resources Specialist Tito Santiago faxed Toussaint an application for reasonable accommodation.  In support of the application, Toussaint submitted an updated medical statement from Dr. Antonio O. Berríos-LaTorre as to the numerous occasions he had been to his office for treatment of general ailments (flu, skin problems, etc.).[3]  Dr. Berríos-LaTorre indicated that, by the end of 2006, Toussaint told him he was being discriminated at work and the effects of these

---

[3] Exhibit 9, Dr. Berríos-LaTorre's three page statement, refers to previously having treated Toussaint for general ailment.  By February 2007, Dr. Berríos-LaTorre also stated he noticed the patient's anxiety and depression, as well as his complaints, which were considered related to work conditions. The physician's statement covers significantly more description of the patient's condition than what defendant summarized as a reference to "general ailments", as well as the physician's observations with base knowledge of the patient's medical record.

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 8

practices were starting to manifest themselves as anxiety and depression. (Deft's Uncontested ¶¶10-11; Exhibit 8, Fax Cover; Exhibit 9, Physician's Statement).

On June 11, 2007, Toussaint was advised the request for reasonable accommodation lacked adequate and sufficient medical documentation and he had until July 12, 2007 to submit same.  The letter from Human Resources Manager itemized those subjects Toussaint should address to support the request.  (Deft's Uncontested ¶¶ 12-14; Exhibit 11, letter 6-11-2007).[4]  On July 23, 2007,  Toussaint made a request to become recipient of Voluntary Leave Transfer Program and to invoke the FMLA to care for his pregnant wife who had a high-risk pregnancy.  On August 7, 2007, Director Rafael E. Ramírez notified Toussaint he was approved as a leave recipient in the Voluntary Leave Transfer and FMLA but the request for advanced sick leave was denied because he had negative leave balances and there was no guarantee the leave would be repaid.  (Deft's Uncontested ¶¶ 15-16; Exhibit 12, Request for Leave; Exhibit 13, Letter 8-7-2007).

On August 17, 2007,  Toussaint was notified of the denial of the reasonable accommodation request for the medical document above described was inadequate and was

---

[4]   The information requested in Exhibit 11 to determine if plaintiff Toussaint was a qualified individual with disability for the purpose of considering his reasonable accommodation request were: detailed description of the exact medical condition and the medical basis for such finding; clinical findings from most recent medical evaluation; findings of physical examination, results of laboratory tests, X-rays, EKGs and other special evaluation or diagnostic procedures and, in the case of psychiatric evaluation, the findings of a mental status examination and the results of psychological tests if appropriate; prognosis, including plans for future treatment and estimate of expected date of full or partial recovery; an explanation of the impact of stated medical condition on overall health and activities; including the basis for any conclusion that restriction or accommodations are or not warranted; and where they are warranted, an explanation of therapeutic or risk avoiding value; detailed explanation of specific duties of your current position description that you are unable to perform as result of your disability. (Copy of current position description was provided for Toussaint to give to health care provider to specifically identify those duties you are unable to perform due to your disability); detailed description of precise accommodation recommended by health care provider, including the basis of recommendation and explanation of how the proposed accommodation will allow you to perform the particular job at issue.  Exhibit 11 was issued on June 11, 2007, and plaintiff was expected to provide all the above by July 12, 2007.  Plaintiff was further apprised that no action was to be taken until all the above information had been provided.  (Docket No. 81-11).

informed he could request reconsideration.  (Deft's Uncontested ¶ 17; Exhibit 14, memo 8-17-2007,  Damaris Tosado Quiñones, Human Resources Manager).

On October 22, 2007 and November 2, 2007, Dr. Edwin Alicea, supervisor, completed two contact reports indicating Toussaint did not come to work from October 15, 2007 through October 25, 2007 and had been charged absent without approved leave (hereafter "AWOL").  (Deft's Uncontested ¶ 18; Exhibits 15, 16, reports).

On October 26, 2007, the American Federation of Government Employees (hereafter "AFGE"), Local 2408, provided on behalf of Toussaint a request for advanced leave for the period of October 26 through December 18, 2007.  It provided in support a letter by Dr. Jorge A. Sánchez-Cruz, dated on the same day, indicating his clinical opinion was that Toussaint was currently disabled from his and any occupation and should be able to return to work on December 18, 2007.  (Deft's Uncontested ¶¶ 19-20; Exhibit 17, request; Exhibit 18, letter).

On November 15, 2007,  Toussaint's request was denied based on his leave record showing 141.25 days off or 1,130 hours of LWOP,  there being a government's policy that advanced sick leave should not be granted when it is known or reasonably expected than an employee will not return to duty.  (Deft's Uncontested ¶ 21; Exhibit 19).

Based on Toussaint's absences without authorization since December 8, 2007, a second letter was sent that he was to return to work on January 9, 2008.  In response, Toussaint sent a letter on January 25, 2008 stating that: "[a]s per medical advice, I am unable to return to work under the present circumstances. My medical condition precludes

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 10

my continued employment within the Pulmonary section unless there is a change in my chain of command ...".  Toussaint made in the letter a second request for reasonable accommodation indicating he had been under his doctor's care since March 2007 and advising he was no longer residing in Puerto Rico but in Pennsylvania and providing for the first time to management his new address. (Deft's Uncontested ¶¶ 22, 23, 24; Exhibit 20, Damaris Tosado Quiñones' letter; Exhibit 21, Toussaint's letter 1-25-2008).  Toussaint's second letter requesting accommodation was denied on March 14, 2008.  (Deft's Uncontested ¶25; Exhibit 22, Nilda López, RAC Chairperson's memo).

On April 26, 2008, Toussaint's Registry Certificate of Health Professionals, which is required for his job, expired.  (Deft's Uncontested ¶26; Exhibit 23, Certificate).

On July 2, 2008, defendant requested Toussaint for a third time to return to duty by July 14, 2008.  The letter to return to duty indicated he had not returned during the last six months, had not called his immediate supervisor or any member of the staff for valid reasons in not complying with work schedule nor had submitted required medical certificate or notice for request of leave of absence.  Such failure to comply with procedures caused unjustified absences to be charged to AWOL and, thus, resulting in disciplinary action.  The letter also stated Toussaint's absences had a significant impact on workflow of the Pulmonary Section and continuity of the mission provided by the Home Oxygen Program; caused a grave concern for defendant and affected the morale of the co-workers. (Deft's Uncontested ¶¶ 27-28; Exhibit 24, Damaris Tosado Quiñones' request to return to duty).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 11

The next day, Toussaint contacted Hilda Nieves, timekeeper, via e-mail, to request leave. Nieves is outside Toussaint's chain of command. Dr. Alicea responded to Toussaint that same day indicating request for sick leave and LWOP was disapproved for same reasons above mentioned. Dr. Alicea sent to Toussaint as an attachment the third request to return to duty (Exhibit 24), reminding of the procedure to request leave through his immediate supervisor or Service Chief. (Deft's Uncontested ¶¶ 29-30; Exhibit 25, e-mail Dr. Alicea to Toussaint 7-3-2008).

On July 14, 2008, Dr. William Rodríguez, Chief Pulmonary and Critical Care Medicine and Toussaint's second-line supervisor, confirmed Toussaint had failed to return to work as ordered. (Deft's Uncontested ¶ 31; Exhibit 26, e-mail 7-14-2008 from Dr. Rodríguez to Tito Santiago, Jr.). That same day, Toussaint responded to Dr. Alicea's e-mail that he was unable to return to duty until he has being treated for his workplace injury and found by his physician fit for duty; stating also that he had been unable to maintain constant communication with him due to financial difficulties caused by his disability. (Deft's Uncontested ¶32; Exhibit 27, letter 7-14-2008).

On July 22, 2008, Toussaint was sent a letter advising his registration with the Puerto Rico professional license as Respiratory Care Technician had expired and to return to duty he was required to bring copy of his current registration. (Deft's Uncontested ¶33; Exhibit 28, Damaris Tosado Quiñones' letter 7-22-2008).

On July 30 2008, Toussaint sent an e-mail to Dr. Alicea stating he was unable to return to work due to his medical condition. (Deft's Uncontested ¶34; Exhibit 29, e-mail).

On August 11, 2008, Toussaint sent another e-mail to Dr. Alicea notifying a change of address and requesting LWOP until he was allowed to return to work by his physician. (Deft's Uncontested ¶ 35; Exhibit 30, e-mail).  According to Toussaint, his next appointment for evaluation was for August 29, 2008.  (Deft's Uncontested ¶ 36; Exhibit 30).

On August 27, 2008, Dr. Rodríguez issued a notice proposing Toussaint's removal based on six charges: (1) inability to maintain work attendance; (2) failure to comply with work schedule; (3) failure to follow leave requesting procedures; (4) excessive unscheduled absence; (5) failure to return to duty; and (6) failure to maintain license/registration and/or certifications in good standing.  (Deft's Uncontested ¶37; Exhibit 31).

On October 9, 2008, Toussaint, represented by AFGE, presented an oral response. (Deft's Uncontested ¶ 38; Exhibit 32, Acting Director Nancy Reissner, 9-30-2008).

The decision letter of October 15, 2008 by Nancy Reissner sustained all the charges, finding relevant factors warranted Toussaint's removal to promote efficiency of service. (Deft's Uncontested ¶ 39; Exhibit 33).

The removal decision letter specifically stated in the first page, fifth paragraph:

> Since reasons number one, two, three, four, five and six as stated in the notice of proposed removal do not involve a question of professional conduct or competence, you may grieve this action under the Negotiated Grievance Procedure, or appeal this action to the Merit System Protection Board (MSPB) under statutory appeals procedure, or file a complaint of discrimination in accordance with Equal Employment Opportunity Commission (EEOC) procedures. *Whichever is first filed, an appeal to the MSPB, a grievance under the negotiated procedure, or a discrimination complaint, shall be considered an election by you to proceed in that matter.* (Emphasis supplied.)

(Deft's Uncontested ¶ 40; Exhibit 33, Proposed Removal Letter to Toussaint).

The corresponding administrative document for removal SF-52 was produced. (Deft's Uncontested ¶ 41; Exhibit 34, Request Personnel Action 11-14-2008).

**B.      Workmen's Compensation Program.**

On May 14, 2007, plaintiff Toussaint filed form CA2 (Notice of Occupational Illness) file no. 022527661, claiming he experienced stress and anxiety because of unspecified factors related to his federal employment and specified the date of injury as December 12, 2006 previous to his rescinded first termination of February 2007.  (Deft's Uncontested ¶42; Exhibit 35, Notice Decision 6-21-2007).  The request was denied stating "compensable employment factors for which a causal relationship to claimed medical conditions was not established."  (Deft's Uncontested ¶ 43; Exhibit 35).

**C.      The EEOC.**

Toussaint first filed an EEO complaint for his first termination of February 2007 but withdrew same after the decision was rescinded a few days after resulting in continued employment with the DVA. (Deft's Uncontested ¶ 44; Exhibit 36, Decision 7-18-2008).  On July 2, 2007, Toussaint filed an EEO complaint for retaliation for the alleged delay of the DVA in submitting another OWCP claim. (Deft's Uncontested ¶ 45; Exhibits 37, Complaint; Exhibit 38, Investigative Report).

On June 6, 2007, Toussaint signed the Notice of Rights and Responsibilities from the Office of Resolution Management which specified:

e.  If you are disputing a matter than can be appealed to the Merit System Protection Board (MSPB), you may file an EEO complaint or an MSPB

appeal, <u>but not both</u>.  Whichever you file first (a formal EEO complaint or an MSPB appeal) will be considered an election to proceed in that forum.

(Deft's Uncontested ¶ 46; Exhibit 39, Notice Rights, p. 2, hand-numbered 5, second paragraph).

On June 10, 2008, the EEOC rendered a decision, without a hearing, in Case No. 510-2008-00166X (VA Case No. 2001-0672-2007102814), dismissing Toussaint's retaliation case for the alleged delay (a week) of the DVA in submitting his OWCP claim. (Deft's Uncontested ¶ 47; Exhibits 40 and 41).  The Final Agency Decision issued on June 24, 2008 informed Toussaint of his right to appeal to the EEOC within 30 days; and of his right to file a civil action in the appropriate U.S. District Court within 90 days of receipt of this final action if no appeal to EEOC has been filed or within 90 days after receipt of the EEOC's final decision on appeal; or after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission." (Deft's Uncontested ¶ 48; Exhibits 42, 43). Toussaint did not appeal the EEO decision at the EEOC and included this claim in the instant complaint.[5]

Toussaint filed a formal complaint of discrimination EEOC Case No. 2001-0672-2007-10281 "concerning the action already being appealed"at the MSPB, as stated in Deft's Uncontested ¶ 51. (Deft's Uncontested ¶ 50; Exhibit 44, Statement Formal Complaint 5-9-2008 by MSPB in Docket Number NY-07752-08-0217-I-1).

---

[5]   Defendant refers to the original *pro-se* complaint filed on April 9, 2010.  The Amended Complaint was filed on March 21, 2011.

**D.     MSPB.**

Toussaint filed an appeal through counsel with the MSPB number NY-0752-08-0217-I-1 in which he alleged the agency's decision of March 14, 2008, to deny his request for reasonable accommodation, resulted in constructive suspension, but withdrew same. (Deft's Uncontested ¶ 51; Exhibit 45, Initial Decision 7-16-2008).

Regarding the final employment termination, Toussaint chose to appeal to the MSPB "seeking review of the agency's order of October 15, 2008 to remove him from the position of Respiratory Therapist Technician, GS-0640-07, at the Caribbean Healthcare System in San Juan, Puerto Rico, effective October 24, 2008." (Deft's Uncontested ¶ 52; Exhibit 46, Initial decision 6-5-2009).  Subsequently, Toussaint appealed the MSPB's decision to the U.S. Court of Appeals for the Federal Circuit and the case was dismissed on November 9, 2009 "for failure to prosecute in accordance to the rules." (Deft's Uncontested ¶ 53; Exhibit 47, Order).

**E.     Deposition Testimonies**.

    **1.     Plaintiff Toussaint.**

Plaintiff Toussaint stated in his deposition testimony of October 15, 2011 he appealed the MSPB's decision but missed a deadline for which the case was closed for failure to prosecute. (Deft's Uncontested ¶ 54, Exhibit 48, Toussaint's depo., pp. 28-30).  On March 27, 2007, plaintiff received his last check for payment from the DVA.  Toussaint admitted that, until November 18, 2007, he did not have medical documentation for his job absences. (*Id.*, pp. 93, 111).  He lived in Pennsylvania from December 2007 through April 2008.

Plaintiff complained to other employees (Union) but not to a supervisor. (*Id.*, pp. 114, 127).

Plaintiff believes he has chronic depression and anxiety but does not know if it is permanent or temporary. He is able to care for himself, do his own shopping, exercise, farm, raise animals, go horseback riding, work with FEMA and volunteer at an organization to help the community. (*Id.*, pp. 145-146). Plaintiff Toussaint believes there was retaliation "because he was not fired"; and cannot say there was retaliation because he filed an EEO complaint. (Deft's Uncontested ¶¶ 55-63; Exhibit 48, pp. 114-115, 127, 144-145, 159).

### 2.    Omar Ahmed.

Omar Ahmed as the Supervisor for Labor and Employee Relations at the DVA and, from June 2011 through June 2012, held the position of Human Resources Director. Ahmed stated in his deposition that to request advanced sick leave an employee has to fill out forms and include dates and medical documentation in support. It is discretionary for the Director to approve advanced sick leave. To grant advanced sick leave, several elements need to be considered including the employees' years of service and leave usage which is an indication whether the employee will repay back the leave to the government. Advanced sick leave goes through a process of concurrence, that is, first the Supervisor, then the Service Chief, and finally the Director have to concur. If the leave requested is less than 30 days, the Service Chief has authority to approve it and it is usually related to a medical condition. LWOP is discretionary; the employee has to request it and is subject to service needs. If the LWOP requested exceeds 30 days, the Director is the approving authority. An employee is deemed to be absent without leave when he fails to follow leave procedures,

there is no request on file, there is no notification or he is not authorized to be absent or failed to follow leave procedures.   The way to request sick leave is through a "Time and Leave Report" or Form SF-182.  An e-mail is not a valid method to request sick leave. (Deft's Uncontested ¶¶  64-74; Exhibit 49, Ahmed's depo.,  pp. 6, 50-51, 53-55).

To request reasonable accommodation, the employee has to first go to the Supervisor who will refer the employee to the Reasonable Accommodation Supervisor, who in turn will orient the employee about the documents to submit.  (Deft's Uncontested ¶ 75; Exhibit 49, pp. 56-58).

Only veterans are entitled to receive medical care at the VA; non-veterans, even if employees of the DVA, are not.  (Deft's Uncontested ¶ 76, Exhibit 49, p. 62).

Nancy Reissner, Acting Director of the DVA/PR, was the deciding officer in the termination of Toussaint in October 15, 2008.  Reissner was not involved in the first termination in 2007 which was rescinded.  (Deft's Uncontested ¶¶  77-78; Exhibit 49, pp. 64-65).

**3.     Tito Santiago.**

The deposition testimony of Tito Santiago Jr., human resources specialist, stated that in order to get a reassignment an employee does not need an annual evaluation but to meet the criteria to qualify for the new position.  He alerted plaintiff Toussaint that the DVA was looking for him. To request reasonable accommodation, an employee has to provide details of why he is not able to do the work of the position he was hired for and identify the new position applied to, which Toussaint did not do.  No performance review of plaintiff was

performed for the functional statement of Certified Respiratory Therapist was to be adjusted and Toussaint would not be evaluated under old functional statement (the one under which he was initially fired on February 2, 2007, and termination rescinded) but under the new one which was to begin.  (Deft's Uncontested ¶¶ 79-83; Exhibit 50, Santiago's depo., pp. 103-104, 109, 121, and 127-128).

4.    **Dr. Alicea.**

Dr. Alicea's deposition testimony indicated he is the Pulmonary Physician Staff who supervises two respiratory therapists and asked Toussaint for medical documentation. Plaintiff Toussaint knows the rules for he always has the "blue book" about the responsibility of employees on top of his desk.  Toussaint never told Dr. Alicea the reason for his sickness was his relationships at work.  The problem was that Toussaint was on sick leave for many weeks without reason.  Toussaint did not tell Dr. Alicea why he was sick, did not specify any problem or situation or if it was emotional.  Toussaint did not tell Dr. Alicea whether his sickness prevented him from performing his duties at work.  (Deft's Uncontested ¶¶ 84-90; Exhibit 51, Dr. Alicea's depo., pp. 12, 15, 115-116, 118, 121).  Dr. Alicea does not remember if Toussaint requested reasonable accommodation or knows if plaintiff was ever granted reasonable accommodation.  (*Id*., p. 125).  Dr. Alicea indicated Toussaint never presented documents as to major depression and anxiety nor expressed allegations of hostile work environment.  (*Id*., pp. 127, 141, 174-175).  Plaintiff was never evaluated for he never worked enough time for his performance to be evaluated.  Plaintiff was terminated in October 2008 for his absences.  (*Id*., pp. 150 and 154).

### 5.      Dr. William Rodríguez.

Dr. William Rodríguez' deposition, Chief of Pulmonary Section, overseeing the respiratory therapist, the Home Oxygen Program and the Sleep Medicine Program stated that he (Dr. Rodríguez) wanted to talk to plaintiff Toussaint but he simply disappeared for he was absent all the time at least since March 19, 2007 through his termination on October 15, 2008.  (Deft's Uncontested ¶¶ 96-98; Exhibit 52, Dr. Rodríguez depo., pp. 8, 10, 52, 162).

### 6.      Dr. José Raimundi.

Dr. José Raimundi, psychiatrist and plaintiff's treating physician, stated plaintiff did not ask for a letter about reasonable accommodation.  From the medical record it appears plaintiff Toussaint could work and continue to work in the same environment without getting worst or otherwise Dr. Raimundi would have recommended him to stop working. Plaintiff had major depression, moderate.  (Deft's Uncontested ¶¶ 99-103; Exhibit 53, Raimundi's depo., pp. 4, 9, 43, 149, 52-54, 56).  Dr. Raimundi would think the patient was getting control of the situation in terms he was changing from victim to victimizer, changing position from a person who was being threatened to a person who was threatening, because he challenged the chief and the chief rescinded it.  (*Id.*, p. 57).

### 7.      Dr. Jorge A. Sánchez-Cruz.

Dr. Jorge A. Sánchez Cruz, a psychiatrist who is one of plaintiff's treating physicians, stated not knowing if plaintiff could perform the duties of his work; plaintiff had additional stressors in his life such as family and economic problems but does not know if these were

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 20

result of work problems.  (Def't's Uncontested ¶¶ 106-107; Exhibit 54, Dr. Sánchez' depo.,

pp. 105-107).

**F.    Plaintiff Toussaint's Opposition.**

Plaintiff indicates defendant's request for summary disposition fails to address the

retaliation claim, for which in the opposition filed he did not address such claim.  (Docket

No. 89, Plaintiff's Memo, p. 2).  Plaintiff Toussaint submits he is not seeking a review of the

OWCP's decision to deny coverage, which is not part of the Amended Complaint, but rather

it is mere reference of the supervisor's false statement to have coverage denied and its effect

on plaintiff's ability to furnish medical documentation to avoid employment termination.

These pleading references are only to show defendant's discriminatory animus and

pretextual reasons for termination on October 15, 2008.  (*Id.*, p. 4).

Plaintiff Toussaint's opposition  submits the filing with MSPB does not preclude the

court from jurisdiction for he withdrew the EEO claim in regards to the first employment

action as to dismissal since termination was rescinded.   Any mention in the Amended

Complaint of this first employment action is merely to demonstrate discriminatory animus

and pretext.  Neither is plaintiff Toussaint seeking review of EEOC's denial of the retaliation

claim on the judgment it issued on June 8, 2008, because of delay in submitting statements

to the OWCP.  (*Id.*, pp. 4-5).  Plaintiff further submits he did file an appeal before the MSPB

for defendant's decision to deny reasonable accommodation in March 14, 2008, but same

was voluntarily withdrawn and the MSPB did not have jurisdiction to adjudicate same.  This

is one of the claims raised in the Amended Complaint as to defendant's denial for reasonable accommodation and/or reassignment.

Plaintiff Toussaint avers the above matter did not become ripe for adjudication until he was terminated on October 15, 2008 because of unjustified absences from work resulting from defendant's denial of the accommodation. This issue was presented to the MSPB in Case No. NY-0752-09-0035-I-1, and allegedly also to this federal Court. (*Id.*, p. 6). Plaintiff considers the MSPB's limited jurisdiction of five categories of adverse employment decision did not grant jurisdiction at that point. He also submits the mixed case appeal as to work harassment and hostile work environment after he returned to work from the first termination of employment, and defendant's denial of requests for reasonable accommodation, as well as retaliation for having filed grievance, should be reviewed by the court. (Docket No. 89, Plaintiff's memo, p.6; Exhibits 21-22).[6]  Plaintiff argues that since the MSPB failed to inform *pro-se* plaintiff Toussaint of the right to seek timely judicial review through a civil action of the mix case appeal, only informing about appeal to the U.S. Court of Appeals for the Federal Circuit, the issue was ultimately dismissed for plaintiff's failure to prosecute. As such, the filing of this judicial review should not be considered foreclosed for plaintiff relied in good faith in confusing information the MSPB provided to then *pro-se* plaintiff.  Thus, because of the alleged lack of  information and notice, by the time plaintiff Toussaint filed the original complaint in this case, the thirty (30) day period to file had not begun to run. (*Id.*, pp. 8-9).  Plaintiff also submits that, since he is not herein

---

[6]  Sher v. U.S. Dept. of Veterans' Affairs, 488 F.3d 489, 499 (1st Cir. 2007).

seeking judicial review of his first employment termination on January 31, 2007, the failure to exhaust administrative remedies has no bearing of the MSBP's decision above referred. (Case No. NY-0752-09-0035-I-1).

Plaintiff submits the *prima facie* requirements are met in regards to plaintiff's Rehabilitation Act claims based on discrimination and failure to reasonably accommodate. (*Id.*, p. 11). Plaintiff's condition has been diagnosed as major depression and he sought leave to be absent from work because of said condition, meeting the burden of proof as to disability. Besides his work, plaintiff claims he had problems with sleep, concentration, social interaction, taking care of his children and with his marital relations, which were identified by the treating sources. Prior to receipt of the first termination letter, plaintiff was never given a negative performance evaluation or reprimanded and his work met the expectation of defendant. Insofar as defendant's argument plaintiff could not perform the function of his work because of absences and attendance problem, it was precisely a result of defendant denying him the requested accommodation of granting advanced leave as reasonable accommodation, which he provided documentation, but these request were still denied. (*Id.*, pp. 14-15).

Plaintiff Toussaint admits to defendant's uncontested statement ¶¶ 1, 3-5, 8-10, 12-13, 15, 18-20, 23, 28, 31-32, 34, 36-41, 43 45-48, 50-51, 53-54, 58, 60-62, 64-73, 77-78, 80, 84-86, 91, 96, 99, 101, 103, and 105. (Docket No. 89-1, Plff's Opposing Statement).

Plaintiff Toussaint clarified as incorrect he had no sick leave balance for the record showed he still had 23 hours of sick leave that were never exhausted as notified by Chief of

Human Resources Damaris Tosado.  (Plff's Opposing Statement ¶¶ 6-7, 16; Exhibit 1,

Toussaint's depo., pp. 23-92; Exhibits 7-9, Tosado's memo & earning statement).

Plaintiff clarified and contested defendant's statement of not having produced

medical documentation as to his psychiatric condition.  (Plff's Opposing Statement ¶¶ 8-9;

Exhibit 10, Toussaint's Unsworn Statement of 12-10-12).[7]

As to reasonable accommodation, plaintiff submitted a document by Dr. Berríos-

LaTorre, general physician, which defendant attached to Docket No. 81, Exhibit 9.  Plaintiff

avers this is not the only medical documentation presented to defendant.   He also

requested, in at least nine instances, accommodation and/or transfer to another position.

(Plff's Opposing Statement ¶11; Exhibit 10, Toussaint's statement).  Plaintiff Toussaint

states that, after March 27, 2007, he attended work "on several occasions in order to see if

I could reincorporate myself in the same working environment and with the same inter-

personal relationships but it was not possible because I began to experience anxiety attacks

at work." (*Id.*, Exhibit 10, ¶14; Exhibit B: Dr. Berríos' statement; Dr. Raimundi's report 5-3-

2007; Dr. Sánchez' note 10-26-2007).[8]  Plaintiff Toussaint's statement is having requested

reasonable accommodation or transfer to another position to supervisors or to Ms. Hilda

Nieves, secretary to Dr. William Rodríguez or the Labor Relation and Human Resources

specialists. (*Id.*, Exhibits A  application for promotion or reassignment June 6, 2007;

---

[7]  Plaintiff Toussaint had physicians' statements by Dr. Berríos-La Torre and Dr.  Sánchez, which he submitted to his supervisors through Hilda Nieves, secretary.  (Exhibit 1, Toussaint's depo., p. 96).

[8]  Notwithstanding above contention, plaintiff Toussaint also states he informed defendant having every intention and desire to return to work as soon as possible.  (Plff's Opposing Statement ¶¶ 21, 24; Exhibit 10, Toussaint's statement; Exhibit 1, Toussaint's depo., pp. 124-125 and 147-148).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 24

request for reconsideration of denial of advanced sick leave; request for re-assignment November 27, 2007 and e-mails).

Plaintiff Toussaint admits having filed, after his final termination, an appeal before the MSPB which also included his disability discrimination claim, failure to provide reasonable accommodation and retaliation. (Plff's Opposing Statement ¶52; Deft's Exhibit 46, pp. 30-36; Exhibit 21, Agency's Response to Appeal 11-26-2008; Exhibit 22, Appellant's Response 12-1-2008).

As additional statement of uncontested facts, plaintiff Toussaint states that, as to his first employment termination to be effective February 2, 2007, three days before the conclusion of his probationary period, he was never given a negative work performance evaluation, reprimand or suspension or the supervisor communicated his work was not meeting expectations. (Docket No. 89, Add. Uncontested ¶¶ 1-2; Exhibit 1, Touissant's depo., pp. 13, 34-35, 37, 39-40; Exhibit 2, Ahmed's depo., pp. 67, 79-80, 83, 105; Exhibit 4, Tito Santiago's depo., pp. 44, 54-55, 82; Exhibit 5, Response Plff's Objection Interrogatories 3-6-2012, p. 4).

## LEGAL DISCUSSION

First, the Amended Complaint that was filed through *pro bono* counsel after plaintiff Toussaint filed on April 9, 2010 the initial *pro-se* pleading, refers to four causes of action, to wit; for judicial review of the decision by the MSPB in a mixed appeal for discrimination and adverse employment action; Rehabilitation Act for disability hostile work environment;

<u>Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.</u>
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 25

Rehabilitation Act for reasonable accommodation denial; and Rehabilitation Act for retaliation.  (Docket No. 40).

Defendant's Motion for Summary Judgment discusses plaintiff Toussaint may not file for judicial relief herein for having first filed before the MSPB, thus, there is no subject matter jurisdiction.  Plaintiff Toussaint admits having so filed before the MSPB upon his final employment termination, so the matter remains uncontested.[9]

**A.  Jurisdiction/Causes of Action.**

**1.      Judicial Review under the FECA.**

Defendant argues that, under the FECA, agency decisions as to federal employees' benefit terminations are not subject to judicial review.  Since plaintiff Toussaint included in the Amended Complaint a claim that he was denied OWCP request, the administrative procedure is the only relief available.

Plaintiff Toussaint acknowledges the OWCP's decision denying coverage is not at issue in this judicial action for it was not included in the Amended Complaint but rather mentioned in the original *pro-se* Complaint.  (Docket No. 89, ¶ III(1)).  Plaintiff asserts any reference to OWCP was included in the Amended Complaint solely as further evidence of the allegations of discrimination.

As such, there is no further need to address this issue.  (*Id.*, p. 4).

---

[9]  Docket No. 89-1, Plff's Opposing Statement ¶ 52; Add. Uncontested ¶ 32; Exhibit 10, ¶ 34; Docket No. 80, Deft's Uncontested ¶¶ 51-52, Deft's Exhibits 45, 46.

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 26

### 2.    Judicial Review of the MSPB Claim.

Defendant submits plaintiff initially filed a claim before the MSPB alleging the denial of reasonable accommodation constituted a constructive discharge.  From termination in October 2008, plaintiff Toussaint filed another administrative complaint with the MSPB for discrimination because of disability and retaliation.   In certain circumstances, a court may review a final decision of the MSPB when a mixed case involved both a personnel action over which MSPB has jurisdiction, together with a related discrimination claim.

Whichever the employee chose first, is considered his election for Toussaint could not have also filed with the EEOC as he did shortly thereafter and at that time the MSPB's decision was final for jurisdictional purposes.  Evidently, plaintiff Toussaint had notices as to the choices and venues that were available and was at times represented by counsel or by the Union, for which equitable tolling would not apply.  Since Toussaint not only filed first with MSPB but, when the employment termination was upheld, Toussaint then went on appeal with the Federal Circuit. Thus, the subsequent similar filing before the EEOC was not proper and this Court should not entertain Toussaint's action.  (Docket No. 82, Deft's memo, pp. 10-12).

It is undisputed plaintiff Toussaint received notice that he could not proceed on several fora for such claims and once he had elected one, should abide by same.[10] Plaintiff Toussaint also indicated there is no contested issue in that he filed a claim in regards with the dismissal from employment issued by defendant in October of 2008, as well as for

---

[10]    Docket No.80, Deft's Uncontested ¶¶ 40-41; Exhibit 33, Proposed Removal Letter to Toussaint; Exhibit 39, Notice of Rights; Docket No. 89-1; Plff's Opposing Statement admitting to deft's 40-41.

discrimination, reasonable accommodation claims and retaliation before the MSPB as indicated by defendant.[11]  Plaintiff's memorandum in opposition to summary judgment on this issue refers that he is not addressing before this Court the issue of the first employment termination.  Additionally, Toussaint argues that, upon final employment termination, he filed *pro-se* his pleadings before the MSPB which issued a decision that became final on July 10, 2009.  The notice he received did not inform him about having right to seek judicial review except for the right to appeal to the U.S. Court of Appeals for the Federal Circuit, which he did.  Said appeal was ultimately dismissed for failure to prosecute.  Because of such lack of notice to file before a district court, plaintiff Toussaint states he was late in filing before this Court past the thirty day period as to the MSPB's decision.[12] (Docket No. 89, Plff's memo, pp. 8-9).

The MSPB is an independent, quasi-judicial federal administrative agency established to review civil service decisions.  Its appellate jurisdiction is limited to a review of adverse employment actions, which include: a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough of 30 days or less. The MSPB also has pendent jurisdiction over discrimination claims brought in connection with an 'adverse action' otherwise appealable to it, commonly referred to as a "mixed case." *See*

[11]  Deft's Uncontested ¶52; Exhibit 46;  Plff's Opposing Statement ¶5 2; Deft's Exhibit 46, pp. 30-36; Exhibit 21, Agency's Response to Appeal 11-26-2008; Exhibit 22, Appellant's Response 12-1-2008.

[12]  5 U.S.C. §§7701, 7702.

Butler v. West, 164 F.3d 634, 638 (D.C.Cir. 1999) (A mixed case is "an adverse personnel action subject to appeal to the MSPB coupled with a claim that the action was motivated by discrimination.").

Once a government employee elects to pursue a mixed case before the MSPB, he is obliged to follow that route through the completion, to the exclusion of any other remedy that originally might have been available.   Stoll v. Principi, 449 F.3d 263 (1st Cir. 2006) (citing Economou v. Caldera, 286 F.3d 144, 150 (2d Cir. 2002)).  As such, the decision of a federal agency involving a claim of discrimination is judicially reviewable unless the employee had appealed the matter to the MSPB.   See 29 C.F.R. §1614.302(a)(2); Jurisdiction to review mixed case appeal, 16 Fed. Proc. L. Ed. §40:758.  As such, a plaintiff is barred from bringing the same suit before a district court once it already selected the administrative forum.

As per the parties' exhibits of the MSPB's decision of June 5, 2009, as well as plaintiff Toussaint's admissions, the issues raised therein are the same as the ones raised in this judicial action insofar as: the agency decision to remove him from the position as Respiratory Therapist Technician on October 24, 2008; requests for reasonable accommodation; reprisals/retaliation; and disability discrimination.  (Docket No. 81-46, Deft's Exhibit 46).  As to the MSPB's decision, plaintiff filed an appeal before the Federal Circuit, which was dismissed on November 1, 2009 for failure to prosecute.  (Docket No. 81-47, Deft's Exhibit 47).  As such, the MSPB's decision became the final decision.

Although plaintiff Toussaint does not contest the above, he still seeks some form of tolling for having failed to present the case before this Court within thirty days from issuance. Plaintiff also requests this time period be excluded in that the claims he thereafter filed with the EEOC have not been determined and he is yet to receive a right to sue letter, considering such as good cause for his delay in filing before this Court. (Docket No. 89, Plff's memo, p. 9).

A district court has jurisdiction to review mixed cases where discrimination claims, as well as others, are presented before the MSPB and a final order decision has been issued, although usually such a review is filed with the Court of Appeals for the Federal Circuit. Thus, plaintiff Toussaint availed himself of the opportunity to challenge the MSPB's decision on direct appeal to the Federal Circuit and in fact did so, but said appeal was thereafter dismissed for failure to prosecute. As such, the MSPB's decision is considered a final decision.

The Highest Court in Bush v. Lucas discussed the sound policy elaborated by Congress to obtain relief within a step by step system to channel grievances and disputes of federal employment.[13]  See Berríos v. Dept. of Army, 884 F.2d 28 (1st Cir. 1989) (given that plaintiff's constitutional claims amount to a federal law challenge to an adverse personnel action, they are preempted by the CSRA consistent with the reasoning of Bush). Still, plaintiff Toussaint now attempts to collaterally attack before this district court the

---

[13]  462 U.S. 367, 103 S.Ct. 2404 (1983) (holding constitutional tort action against supervisor preempted under the Civil Service Reform Act of 1978).  See Roth v. United States, 952 F.2d 611 (1st Cir. 1991) (Civil Service Reform Act preempted employee's state law claim even when CSRA provides no guaranteed forum).  Hereafter, the Civil Service Reform Act will be referred to as "CSRA."

same claims that were already adjudicated as he also attempted to do before the EEOC while his MSPB's action held a parallel existence.[14]

We note the Supreme Court recently, in a mixed appeal case, affirmed the right to proceed directly to the U. S. District Court, whether the MSPB had addressed or not the substance of a discrimination claim. <u>Kloeckner v. Solis</u>, ___ U.S. ___, 133 S.Ct. 596, 607 (2012).[15]  However, such a direct filing to the district court should be timely made and as to plaintiff Toussaint, it is uncontested timely filing with the district court was not done, but rather he elected to file with the Court of Appeals of the Federal Circuit.

The only resort to file with this Court would be plaintiff's request that tolling be applied for his belated filing, according to him on the MSPB's final opinion, even by disregarding the fact that he indeed timely filed the appeal before the Court of Appeals of the Federal Circuit and it was dismissed for lack of prosecution.  The sole distinct ground plaintiff raises as to the MSPB's final opinion is being unaware he could also have filed with

---

[14]   An employee may not file a "mixed complaint" with the EEO and a "mixed case appeal" on the same matter with the MSPB for regulation requires to raise the same matter before either the MSPB or the EEOC but not both.  29 C.F.R. §1614.302(b).  Likewise, regulation provides whichever case if filed first, shall be considered an election to proceed in that forum, an election that is irrevocable and as to which plaintiff is required to exhaust administrative remedies via that route.

[15]   The Supreme Court clarification in <u>Kloeckner</u> was not available at the time of Toussaint's MSPB decision becoming final and such notice was not required, for which equitable tolling doctrine is the one discussed by the parties.

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 31

the district court for lack of clear notice and instead elected to file his appeal with the

Federal Circuit. [16]

Courts interpret the equitable tolling doctrine narrowly, particularly in a suit against

the federal government.  Farris v. Shinseki, 660 F.3d 557 (1st Cir. 2011).  Defendant has

submitted plaintiff Toussaint had notice of his filing requirements when it provided in the

removal decision letter,  in the first page, fifth paragraph, the following:

> Since reasons number one, two, three, four, five and six as stated in the notice
> of proposed removal do not involve a question of professional conduct or
> competence, you may grieve this action under the Negotiated Grievance
> Procedure, or appeal this action to the Merit System Protection Board
> (MSPB) under statutory appeals procedure, or file a complaint of
> discrimination in accordance with Equal Employment Opportunity
> Commission (EEOC) procedures.  *Whichever is first filed, an appeal to the*
> *MSPB, a grievance under the negotiated procedure, or a discrimination*
> *complaint, shall be considered an election by you to proceed in that matter.*
> (Emphasis supplied.)   (Deft's Uncontested ¶ 40; Exhibit 33, Proposed
> Removal Letter to Toussaint).

Thus, plaintiff Toussaint had notice of the various methods to file his claims in

regards to the dismissal of October 2008 and chose to do so before the MSPB.

Notwithstanding the clear notice, plaintiff Toussaint took all the roads as open for business

and available, filing with the MSPB, the Court of Appeals for the Federal Circuit, the EEOC

and finally this district court. [17]

---

[16]  Discrimination and non-discrimination are subject to distinct standards of review; discrimination is *de novo*
and non-discrimination the usual standard for administrative decisions.  Sher v. U.S. Dept. of Veterans Affairs, 488 F.3d
at 499.

[17]  Congress created the MSPB to provide an alternative administrative path for federal employees to appeal
specific types of adverse personnel action and eligible employees may seek review of MSPB of their discrimination claims
if the discrimination is the alleged basis of a qualifying adverse personnel action.  If the MSPB decides both the adverse
action and the discrimination claim, the federal employee can then petition the EEOC for review of the MSPB or file an
action in federal district court.  5 U.S.C. §7703(b)(2).  An exception to the Federal Circuit jurisdiction as to federal

In order for a district court to have jurisdiction to review a final order or decision of the MSPB, a judicial complaint must be brought within thirty days of receipt of notice of final agency action when prohibited discrimination is alleged. 5 U.S.C. §7702 *et seq*. Under this scenario, plaintiff Toussaint attempts to obtain equitable tolling of the time that elapsed from the filing of the *pro-se* complaint on April 9, 2010 as to the "MSPB's final decision" fail.[18]   The MSPB's decision would have become final thirty days from its issuance.[19] (Docket No. 81-47, Def't Exhibit 47).

The subject of equitable tolling of the relevant MSPB's appeal in mixed cases was strictly construed although its existence was recognized in Oja v. Department of Army.[20] As to other than mixed cases, the filing deadline was considered statutory, mandatory and jurisdictional, not subject to tolling.  Nash v. U.S. Postal Service, 345 Fed.Appx. 560 (C.A.

---

personnel matters exists for appeals to the MSPB that involve discrimination claims, the called "mixed-case appeals", which are reviewable by federal district courts. 29 C.F.R. §1614.302. Those exceptions include the Civil Rights Act, Section 717, Fair Labor Standard Act, Section 6(d) and the Rehabilitation Action, as well as Age Discrimination in Employment Act.  5 U.S.C. §7702(a)(1)(B).

[18]  *Id.* § 7702(d)(2)(A). In all, there are eight different times when the mixed case complainant may have the right to bring suit in federal district court: (1) 120 days after filing a complaint with the employing agency even if the agency has not issued a final decision by that time; (2) 30 days after the employing agency's final decision; (3) 120 days after filing a petition with the MSPB if the MSPB has not yet made a decision; (4) 30 days after an MSPB decision. If the employee petitions EEOC to review the matter and EEOC denies the petition, the 30 day period in this case runs from the denial of such a petition by EEOC; (5) 30 days after the EEOC decision if EEOC agrees with the MSPB; (6) 30 days after MSPB reconsideration if MSPB agrees with the EEOC; (7) 30 days after the special panel makes a decision. CSRA of 1978, Report of the Committee on Post Office and Civil Service, H.R. REP. No. 1717, 95thSRA Cong., 2d Sess. 141 (1978), reprinted in 1978 U.S.C.C.A.N. 2875. *See* Mj. Leonard F. Rippey, Motions for Summary Judgment in Mixed Cases, 38 A.F.L. Rev. 109, n. 30 (1994).

[19]  Congress later allowed for review of final order or decision of the MSPB with the U.S. Court of Appeals for the Federal Circuit within 60 days after the Board issues notice. 5 U.S.C.A. §7703(b)(1)(A). 2012 Amendments. Subsec. (B)(1), Pub.L. 112-119, §108(a).

[20]  405 F.3d 1349 (C.A.Fed. 2005) (compliance with filing deadline of 5 U.S.C. §7703 (b))1) is a prerequisite to our exercise of jurisdiction).

Fed. 2009). Likewise, the Supreme Court in <u>Bowles v. Russel</u> [21] no longer recognized in state prisoner's appeal the unique circumstances exception to excuse an untimely filing of a notice of appeal when the time for filing was authorized by statute and thus mandatory and jurisdictional, which the Court could not extend.

Plaintiff Toussaint's Title VII or Rehabilitation claims because of alleged discrimination due to disability would be subject, like statute of limitation, to waiver, estoppel and equitable tolling. <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 102 S.Ct. 1127 (1982). Still, equitable considerations against the government, *vis a vis* a private party, require an affirmative conduct by defendant in that it misrepresented or misled plaintiff, not simply mere negligence. As claimed by plaintiff Toussaint as grounds for tolling against government, the notice sent at the time referred solely to his right to appeal the MSPB's final decision to the Court of Appeals for the Federal Circuit, which he timely did and failed to then prosecute, and allegedly resulted in plaintiff not then instituting instead discrimination claims with the district court as to the MSPB's decision. Regardless that equitable tolling is sought,[22] plaintiff Toussaint's arguments on this issue rest on equitable estoppel considerations, for it applies when a plaintiff who knows his cause of action reasonably relies on the defendant's conduct or statement in failing to bring timely suit. <u>Ramírez-Carlo v. United States</u>, 496 F.3d 41 (1st Cir. 2007).

---

[21] 551 U.S. 205, 127 S.Ct. 2360 (2007).

[22] Equitable tolling applies when plaintiff is unaware of the facts underlying his cause of action. <u>Gonzalez v. United States</u>, 284 F.3d 281 (1st Cir. 2002).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 34

Plaintiff Toussaint has shown that he was clearly aware of his legal rights and able to pursue administrative remedies.  He made a strategic decision not to continue to prosecute before the Court of Appeals for the Federal Circuit the MSPB's final decision which had not been in his favor and proceeded to file with the EEOC on same related charges to raise new allegations already disposed.  Still, without having a resolution by the EEOC and a right to sue letter, he then filed once more all claims already disposed by the MSPB and which the Court of Appeals of the Federal Circuit had dismissed before this district court planting his flag on all flanks.

Under the above circumstances, equitable tolling/estoppel for a late judicial filing is not an appropriate relief and a party's assertion of equitable considerations do not foreclose the granting of a motion for summary judgment.[23]

## B.  Failure to Exhaust Administrative Remedies/Time Barred.

Defendant also argues that, insofar as any Title VII claim of discrimination because of termination in February 2007, plaintiff Toussaint failed to exhaust administrative proceeding.  Requiring exhaustion of administrative remedies serves important purposes. McCarthy v. Madigan, 503 U.S. 140, 144, 112 S.Ct. 1081 (1992); Irizarry v. United States, 427 F.3d 76 (1st Cir. 2005).  Failure to comply with an agency's applicable time limit may expose plaintiff's federal law suit to dismissal.  Cano v. United States Postal Serv., 755 F.2d 221, 223 (1st Cir. 1985).

---

[23] Benítez-Pons v. Com. of Puerto Rico, 136 F.3d 54, 64 (1st Cir. 1998) (the mere fact that a party asserts equitable claims does not foreclose granting a motion for summary judgment).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 35

Plaintiff Toussaint's opposition avers he is not seeking a judicial claim in connection with his first termination of January 2007, which he voluntarily dismissed before the MSPB. Insofar as his claims of disability discrimination, failure to provide reasonable accommodation and retaliation, these were included with the second MSPB case as to his final employment termination of October 2008 and, thus, plaintiff Toussaint considers he exhausted available relief. (Docket No. 89, Plff's memo, p. 10; Exhibit 10, Plff's statement ¶34).

Since defendant's claim as to failure to exhaust and being time barred refers solely to any claim by plaintiff Toussaint in regards to the first termination, which decision was rescinded, and plaintiff has further accepted he is not making a claim herein in regards with the initial termination but only making reference in the Amended Complaint as basis for pretext or grounds for discrimination, there is no further need to discuss this issue.

## C. *Prima facie* Discrimination Claim - Rehabilitation Act.

Defendant also avers plaintiff Toussaint cannot assert a *prima facie* claim of discrimination within the meaning of the statute insofar as being a qualified individual and able to perform the essential functions of the job. Neither can plaintiff meet the third requirement that, despite knowing of disability, the employer did not acquiesce to the request for reasonable accommodation. (Docket No. 82, Deft's memo, p. 16). Defendant submits all plaintiff Toussaint has presented is being an individual who suffers from depression, without allegations as to said condition substantially limiting major life activities and meeting the condition constituted a disability under the Rehabilitation Act.

(*Id.*, p. 18).  Additionally, defendant states plaintiff was unable to perform an essential function of his job inasmuch as attendance is a required function of any job.

From plaintiff's deposition testimony he indicated not remembering the last day he worked for defendant, which could be sometime in late February or March 2007.  Plaintiff Toussaint recalled having gone back to work for two or other times before he was actually fired the second time; he went back to work initially in the month of July of 2007 when he worked for about two days. (Docket No. 89-2,  Exhibit1, Toussaint's depo., pp. 107-108). Since March 27, 2007 until the date of the letter proposed removal of August 27, 2008, plaintiff Toussaint had been absent 2,746 hours, without a foreseeable end.  Plaintiff Toussaint also admitted that, by November 2007, he could not supply medical documentation for his condition because state medical personnel did not provide any certificates and private physicians would ask payment to issue medical certificates. (*Id.*, pp. 111-112). As such, it is uncontested, plaintiff was absent from his job for a considerable time period without providing the employer medical documentation to support the prolonged absence.

Plaintiff's opposition reiterates that due to his depression and anxiety he had, and continues to have to present, problems with sleeping, concentrating, social interaction, taking care of his children and in his marital relations, which problems were identified by his expert witness. Dr. Raimundi's notes are referred by plaintiff as supportive of disability, included as Exhibits 24, 25.  As such, Toussaint considers he has established being an individual with disability.

In regards with prolonged absence from plaintiff's job, Toussaint argues that had he been transferred or reassigned from the position, he could have performed his job for the problem he had was with inter-personal relations and his direct supervisors were the cause of his depression. These arguments as to the need for transfer or relocation and the granting of advanced leave, do not meet the required standard for even if plaintiff Toussaint is considered to have established that he was a qualified individual, it is necessary to be able to perform the essential functions of his job, with or without reasonable accommodation.

For a disability claim to bear fruit and prosper, plaintiff must establish being: (1) disabled, as defined by the applicable statute; (2) a qualified individual able to perform the essential functions of the job, with or without reasonable accommodation; (3) and the employer discharged him because of this disability. The burden of proof on these three prongs falls on the employee. Lessard v. Osram Sylvania, Inc., 175 F.3d 193 (1st Cir. 1999).

A leave of absence and leave extensions may be considered reasonable accommodation in some circumstances, although the requested leave cannot be expected to be prolonged or perpetual. Criado v. IBM Corp., 145 F.3d 437 (1st Cir. 1998); Ralph v. Lucent Technologies, Inc., 135 F.3d 166 (1st Cir. 1998). However, regular attendance is an essential function of plaintiff's job as Respiratory Therapist Technician and his physical presence essential to perform same. Excessive absenteeism may render an employee unqualified for his position for it is axiomatic that in order for an employee to show that he/she could perform the essential functions of the job, he/she must also show that he/she is able to show up for work and regular attendance is an essential function of most jobs. An

employee who cannot meet the attendance requirements, cannot be considered a qualified individual for disability purposes.   Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 34 f.15 (1st Cir. 2011).[24]

It is uncontested that plaintiff Toussaint was excessively absent from his position and would have been so absent, as he indicated in the deposition, even if defendant granted the requested advanced sick leave, being the sole relief that his prolonged absences would not have been considered or charged to  AWOL and subject to disciplinary action.  Plaintiff Toussaint stated he attempted to return to work about two times but was unable to continue because of his condition.  Defendant indicated he has notifying plaintiff Toussaint to report to work on various dates, without him having returned and by date of dismissal plaintiff had been absent for  2,746 hours  without an agreed upon date of return to work. Neither did plaintiff Toussaint comply with the employer/defendant's requests for medical certificates or supporting documentation to sustain the leave and accommodations requests.   Plaintiff was deficient in the e-mails sent by him in answer to defendant's numerous request to report back to work, as well as plaintiff's failure to abide by the leave form and chain of command , including  times when the employer had no information as to plaintiff's place of residence and his address being in another state.  Plaintiff has not established genuine issues of material fact in controversy as to these events.

Thus, even if the court were to consider plaintiff Toussaint's rehabilitation claims are properly and timely filed before this federal forum, the *prima facie* evidence to sustain such

---

[24]  Citing to Hypes ex rel. Hypes v. First Commerce Corp., 134 F.3d 721, 727 (5th Cir. 1998); Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal., 31 F.3d 209, 213 (4th Cir. 1994).

Jeffrey W. Toussaint v. Dept. Veterans' Affairs, et al.
Civil No. 10-1288 (CVR)
Opinion and Order
Page No. 39

causes of action for disability discrimination, reasonable accommodation and retaliation would still be lacking.[25]

## CONCLUSION

Having considered defendant's Motion for Summary Judgment and plaintiff's Opposition, and there being no controversy as to relevant issues of material fact, defendant DVA is entitled to summary disposition as to all claims raised in the Amended Complaint. As such, defendant's Motion for Summary Judgment (Docket No. 79) is GRANTED.

Judgment is to be entered dismissing with prejudice the Amended Complaint. (Docket No. 40).

IT IS SO ORDERED.

San Juan, Puerto Rico, this 13th day of March of 2013.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE

---

[25] Also, had there been a *prima facie* case, the burden shifting mechanism exercise to be applied to plaintiff Toussaint's claims would still result in the granting of summary judgment for defendant DVA inasmuch as defendant presented a valid reason for plaintiff's dismissal due to prolonged undocumented absenteeism, among other reasons which were fully discussed in the MSPB's decision.  If the plaintiff can establish a *prima facie* disability discrimination or reasonable accommodation claim under the Rehabilitation Act by making a sufficient showing as to each of the three factors, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the employment decision and to produce credible evidence to show that the reason advanced was the real reason; if the defendant is able to offer such a reason, the burden then shifts back to the plaintiff to establish that the proffered reason is pretext intended to conceal discriminatory intent.  Ríos-Jiménez v. Principi, 520 F.3d 31 (1st Cir. 2008); *see* McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).